UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LELAND ROBINSON,<br><br>               Plaintiff,<br><br>-against-<br><br>PAUL E. DAVISON; KENNETH M. KARAS; MARCIA S. COHEN; PAO MEI FISHER; AUDREY STRAUSS; SOUTHERN DISTRICT OF NEW YORK; NEW CANAAN POLICE DEPARTMENT; CLERK OF COURT FOR NORWALK COUNTY COURT; FRANCIS L. O'REILLY; O'REILLY & SHAW LAW OFFICE,<br><br>               Defendants. | 21-CV-7897 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the Metropolitan Detention Center (MDC) Brooklyn, brings this *pro se* action invoking 42 U.S.C. § 1983. Plaintiff names as defendants individuals linked with his arrest and prosecution in *United States v. Robinson*, No. 7:20-CR-00448 (KMK). By order dated September 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Leland Robinson describes himself as "a natural living flesh and blood man, a peaceful American national on the land." (ECF 2 at 18.) He names as Defendants in this action the New Canaan Police Department; District Judge Kenneth M. Karas; Magistrate Judge Paul E. Davison; United States Attorney Audrey Strauss and Assistant United States Attorney Marcia S. Cohen; Federal Bureau of Investigation (FBI) Special Agent Pao Mei Fisher; criminal defense attorney Francis Lee O'Reilly and law firm O'Reilly & Shaw, LLC; the Southern District of New York; and the Clerk of the Norwalk County Court. Plaintiff alleges that his claims arose between October 2019 and June 25, 2021, and took place in New York and Connecticut. (*Id.*)

Most of Plaintiff's complaint includes allegations such as the following:

> The Defendant/Respondent(s) harmed and infringed on the Plaintiff/Claimant at law private property seizing exclusive possession of the right of enjoying a thing, the property of which is vested in the Plaintiff/Claimant at law, and to draw from

the same all the profit, utility and advantage which it may produce, provided that it be without altering the substance of the thing. The Defendant(s)/Repondent(s) hypothecated and re-hypothecated the Plaintiff/Claimant at law private property and wealth and has put the Plaintiff/Claimant at law at risk as collateral. For its fiat currency and credit obligations to the Federal Reserve Bank without providing the Plaintiff/Claimant at law a lawful equitable remedy for recovery of interest on the Plaintiff/Claimant at law that is due and payable to the Plaintiff/Claimant at law upon demand in violation of public policy HJR 192 of 1933 and 31 USC 5103.

(ECF 2 at 5-6.)[2]

Plaintiff only makes a few passing references to the named Defendants, including the following:

> All coconspirator's Kenneth M. Karas, Audrey Strauss, Marcia S. Cohen, Francis Lee O'Reilly and Pao Mei Fisher has committed conduct that constitutes badges of fraud, a circumstance generally considered by courts as an indicator that a party to a transaction intended to hinder or defraud the other party, such as a transfer in anticipation of litigation, a transaction outside the usual course of business, or a false statement.
>
> . . .
>
> All coconspirator's Kenneth M. Karas, Audrey Strauss, Marcia S. Cohen, Francis Lee O'Reilly and Pao Mei Fisher acted in furtherance and has committed conduct that constitutes criminal coercion, coercion intended to restrict anothers freedom of action by (1) threatening to commit a criminal act against that person; (2) threatening to accuse that person of having committed a criminal act; (3) threatening to expose a secret that either would subject the victim to hatred, contempt, or ridicule or would impair the victim's credit or goodwill, or (4) taking or withholding official action or causing an official to take or withhold action.
>
> . . .
>
> All coconspirator's Kenneth M. Karas, Audrey Strauss, Marcia S. Cohen, Francis Lee O'Reilly and Pao Mei Fisher acted in furtherance and has committed acts of treason against public policy, 630 Am. Jur. 2d, public officers and employees, 247: It has been stated that any enterprise undertaken by the public official, which tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.

---

[2] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

(*Id.* at 15-17.) Plaintiff thus appears to allege that Defendants have engaged in fraud, "criminal coercion," and treason. (*Id.*)

It is unclear what relief Plaintiff seeks. He alleges that he "hereby exercises the 'remedy' that Congress has given to him for equity interest recovery on his credit risk. Congress has extended to affiant (an unincorporated, flesh and blood, living person) the right to issue and tender promissory notes for equity interest recovery toward repayment of the national debt." (*Id.* at 25.) Plaintiff contends that "the remedy for equity-interest recovery via mutual offset credit exemption exchange is codified in statutory law although virtually unknown and seldom utilized by people in commerce today." (*Id.* at 26.)

By letter to the Court dated September 22, 2021, Plaintiff states that he is "attaching a Commercial Affidavit of Truth, "Estoppel by Record," and a "Security Agreement." (ECF 5.) In his letter, Plaintiff contends that "[o]n September 1, 2020, S.D.N.Y. obtained an indictment that failed to meet the requirements of F.R.C.P. 7(a) and deprives S.D.N.Y. of jurisdiction . . .The indictment obtained by S.D.N.Y. on September 1, 2020, was 'structurally modified' to include 'via online communications.' Therefore [it is] invalid on its face." (*Id.* at 4.)

It appears that Plaintiff's claims are brought in connection with his pending criminal proceedings in *Robinson*, No. 7:20-CR-00448 (KMK). The amended complaint in that matter states that police officers from the New Canaan police department had contact with Plaintiff in 2020. *Robinson*, 7:20-CR-00448 (KMK) (ECF 3). He was released but required to appear in Norwalk Superior Court on charges of interfering with an officer and resisting arrest. (*Id.*) Federal Bureau of Investigation (FBI) Special Agent Pao Mei Fisher investigated matters involving Plaintiff. (*Id.*) Assistant United States Attorney (AUSA) Marcia S. Cohen, acting on behalf of United States Attorney Audrey Strauss, filed a sealed complaint, and Magistrate Judge

Paul E. Davison presided over Plaintiff's initial appearance. The Federal Defenders of New York, Inc., were initially appointed to represent Plaintiff, but Francis Lee O'Reilly of O'Reilly & Shaw, LLC, was later substituted as defense counsel. District Judge Kenneth M. Karas is presiding over the pending criminal proceedings in the Southern District of New York.

## DISCUSSION

To the extent Plaintiff seeks relief related to his pending criminal proceedings, the Court abstains from issuing any relief in connection with his pending criminal action in *Robinson*, No. 7:20-CR-00448 (KMK). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances. Courts have extended the holding of *Younger* to decline to enjoin federal prosecutions. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017).

Plaintiff claims that Defendants engaged in fraud, "criminal coercion," and treason, for which he seeks "equity interest recovery on his credit risk." (ECF 2 at 17, 25.) Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

Moreover, most of the defendants are immune from suit insofar as Plaintiff's claims arise out of his criminal proceedings. As federal judges and prosecutors, Defendants Karas, Davison, Strauss, and Cohen are immune from suit for their judicial and prosecutorial actions. *See Mireles*

5

*v. Waco*, 502 U.S. 9, 11 (1991) (judges are absolutely immune from suit for damages for actions taken within the scope of their judicial responsibilities); *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (federal prosecutors are absolutely immune from suit for acts "directly connected with the conduct of a trial"). Defendant United States District Court for the Southern District of New York is entitled to the sovereign immunity enjoyed by the United States. *See, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff has not pleaded any facts about what the Clerk of the Norwalk County Court did or failed to do, and thus fails to state a claim against this Defendant. It would be futile to allow Plaintiff to replead any claim against the Clerk of the Norwalk County Court because court clerks are immune from suit "for performance of tasks which are . . . an integral part of the judicial process," *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997), or for administrative tasks "undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court." *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (citing *Humphrey v. Court Clerk*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

To state a claim for damages against FBI Agent Fisher under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff must plead facts showing her personal involvement in violating his rights, and his complaint neither pleads such facts nor gives any indication that Plaintiff could amend his complaint to do so.[3] Finally, Plaintiff

---

[3] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth

cannot state a federal civil rights claim against his defense counsel, Francis Lee O'Reilly, and the law firm of O'Reilly & Shaw, LLC, under 42 U.S.C. § 1983, because these defendants are not state actors. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (holding that representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement necessary to establish state action for a claim under §1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has made clear, however, that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  September 27, 2021
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge